IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ann Marie Butler, ) | |
| ) | Cr. No. 3:08-0946 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On October 23, 2008, Movant Ann Marie Butler was charged in a multi-defendant superseding indictment with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1). Movant retained Hemphill P. Pride II, Esquire as trial counsel. A second superseding indictment was filed on January 6, 2009 that included additional counts as to Movant's co-defendants. On January 22, 2009, Respondent filed an Information notifying Movant that she was subject to increased penalties pursuant to 21 U.S.C. § 851, based upon two prior drug convictions, i.e., possession with intent to distribute crack cocaine in 1993 and possession of crack cocaine in 2003. A third superseding indictment was filed on February 18, 2009, charging Movant with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and use of a communication facility to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Counts 8-11).

On September 8, 2009, Respondent filed an Amended Information notifying Movant that she was subject to increased penalties pursuant to 21 U.S.C. § 851 based upon prior felony drug convictions, i.e., possession with intent to distribute crack cocaine, and possession with intent to

distribute marijuana and possession with intent to distribute crack cocaine in 2003. On September 9, 2009, Responded filed a fourth superseding indictment that charged Movant with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of 3,4-Methylenedioxymethamphetamine, in violation of 21 U.S.C. § 846 (Count 1); and use of a communication facility to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Counts 8-12).

On September 10, 2009, Mr. Pride was relieved as retained counsel, and Lowell E. Bernstein, Esquire was appointed based upon Movant's representations in her financial affidavit. On January 4, 2010, Movant pleaded guilty to a lesser included offense of Count 1 of the fourth superseding indictment, that being conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The plea agreement between Movant and Respondent recited, among other things, that Movant would cooperate with Respondent; that she agreed to polygraph examinations and that her refusal to take or failure to pass any such polygraph examination to Respondent's satisfaction could result in the obligations of the government under the plea agreement to become null and void. The plea agreement further provided a stipulation that on March 12, 2009, Movant provided a materially false statement to agents of the Drug Enforcement Administration (DEA) such that U.S.S.G. § 3C1.1 applies and her offense level should be increase by two levels. Movant further stipulated and agreed that she has two prior felony drug convictions as set forth in the Amended Information.

The plea agreement further provided that, provided Movant complied with the provisions of the agreement, Respondent would withdraw one sentencing enhancement and would seek an enhanced minimum penalty based on one prior felony drug conviction, such that Movant's

mandatory sentencing range as to Count 1 would be not less than 20 years and not more than life imprisonment. Respondent also agreed to move the court for a reduction of sentence pursuant to Fed. R. Crim. P. 35(b) if Movant provided substantial assistance to Respondent. Movant agreed in the plea agreement that she was satisfied with the services of counsel. She also waived her rights to contest the conviction or sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. The waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

A Presentence Investigation Report (PSR) was prepared by the United States Probation Office (USPO). Movant was attributed 68,685 grams of cocaine powder; 1,512 grams of cocaine base; and 12.5 grams of 3,4-Methylenedioxymethamphetamine. Pursuant to U.S.S.G. § 2D1.1, application note 10, the controlled substances were converted to a marijuana equivalent of 43,983.06 kilograms of marijuana, for a base offense level of 36. Movant was assessed an additional 2 points for obstruction of justice, for a total offense level of 38.

Movant further was determined to have a subtotal criminal history score of four points. Two points were added because Movant was on supervision as the result of prior drug convictions, yielding criminal history points of six and a criminal history category of III. However, Movant was determined to be a career offender, and pursuant to U.S.S.G. § 4B1.1, her final criminal history category was deemed to be VI. Movant's sentencing guideline range was 360 months to life in prison. Her statutory minimum sentence, based on two prior felony drug convictions, was life in prison.

On July 22, 2010, Movant appeared before the court for sentencing. Respondent informed the court that Movant was debriefed subsequent to entering her guilty plea and failed a polygraph

examination, in breach of her plea agreement. Nevertheless, Respondent moved to withdraw one enhancement so that Movant no longer would be facing a mandatory life sentence. Accordingly, Movant was committed to the custody of the Bureau of Prisons for 360 months pursuant to her guideline range. Judgment was entered on July 23, 2010.

Movant filed a notice of appeal on July 30, 2010. On July 25, 2011, the Court of Appeals for the Fourth Circuit dismissed the appeal as barred by the waiver of appellate rights included in Movant's plea agreement.

This matter now is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed on July 22, 2011, shortly before Movant's appeal was dismissed. Movant is represented by counsel. On October 6, 2011, Respondent filed a motion for summary judgment and response in opposition to Movant's § 2255 motion. Movant filed a response in opposition to Respondent's motion for summary judgment on November 29, 2011, in which she generally denied the averments of Respondent's motion and requested additional time to supplement her response upon "being properly served with the Government's Response to her underlying Rule 2255 Petition." ECF No. 824. Movant has made no additional filings.

## DISCUSSION

The government has moved for summary judgment. Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. United States

v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id.

> Movant asserts the following grounds for relief, as set forth verbatim herein:
>
> The Movant is informed and believes that her trial counsel, jointly and/or severally, were ineffective and constitutionally deficient by (1) failing to investigate the facts surrounding the superseding indictments against the Movant; (2) failing to adequately prepare for trial; (3) failing to adequately, timely, and promptly advise the Movant of all existing evidence of possible guilt; (4) failing to adequately, timely, promptly and thoroughly advise the Movant of any existing exculpatory evidence in the case; (5) failing to promptly advise the Movant of the applicability of the sentencing guidelines and the sentencing ranges that she was facing thereunder; (6) failing to promptly and adequately explain the possible calculations of the Movant's potential guidelines sentence; (7) failing to fully discuss the mandatory minimum sentences as associated with the charges against the Movant; (8) failing to have the Movant examined for possible issues of mental competency and ability to stand trial; (9) allowing the negotiation of a waiver of the Movant's right to file a direct appeal and/or seek other post trial relief; (10) failing to be present at all times during her proffer statements to law enforcement agents; (11) failing to adequately advi[s]e her of the consequences of failing a polygraph examination prior to her formal examination; (13) failing to advi[s]e ser that she had the right to cross-examine the witnesses against her that were referenced in her pre-sentencing hearing report; and (14) failing to adequately calculate and inform her of the effect of the enhancement provisions of the United States Sentencing guidelines in reference to her sentence.

ECF No. 803, ¶ 12.

Movant has presented no specific facts or evidence to support her claims. Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court. United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir.2000)). Allegations that, when viewed against the record, are palpably incredible and patently frivolous or false can be subject to summary

dismissal. See Herman v. Claudy, 350 U.S. 116, 119 (1956). Nevertheless, the court will address Movant's claims in turn.

## Law/Analysis

Movant contends she received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that she was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will

> depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

A.  Failing to investigate the facts surrounding the superseding indictments; failing to adequately prepare for trial; failing to adequately, timely, and promptly advise the Movant of all existing evidence of possible guilt; failing to adequately, timely, promptly and thoroughly advise the Movant of any existing exculpatory evidence in the case

Respondent has submitted affidavits of Movant's counsel, Messrs. Pride and Bernstein, both of whom aver that they obtained discovery and evidence from Respondent and discussed the materials with Movant. ECF Nos. 815-6, 815-7. At the change of plea hearing, Mr. Bernstein informed the court that he had

> been through all the evidence, voluminous evidence, multiple times, been over that with her, and . . . I felt like the evidence the government has and the witnesses the government is prepared to put on the witness stand, that there was sufficient and – more than sufficient evidence to convict her.

ECF No. 735, 4-5.

Also at the change of plea hearing, Movant acknowledged to the court that she was satisfied with the manner in which counsel had advised and represented her; that she had talked with him for as often and for as long as she felt necessary for him to represent her; that she had understood her conversations with her lawyer; and that he had done everything for her that she felt he should or could have done to prepare for the change of plea proceeding. Id. at 7. Subsequently, the Assistant United States Attorney recited the facts underlying the indictment and the evidence that would be presented at trial, including, among other things, the testimony of co-defendants and wire tap calls. Movant indicated to the court that she agreed with the statement of the facts offered by the United

States Attorney. Id. at 22-26. The court discerns no foundation in the record to support Movant's claims of ineffective assistance. Respondent's motion for summary judgment is granted as to these issues.

B.  Failing to promptly advise the Movant of the applicability of the sentencing guidelines and the sentencing ranges that she was facing thereunder; failing to promptly and adequately explain the possible calculations of the Movant's potential guidelines sentence; failing to fully discuss the mandatory minimum sentences as associated with the charges against the Movant; failing to adequately calculate and inform her of the effect of the enhancement provisions of the United States Sentencing guidelines in reference to her sentence

Messrs. Pride and Bernstein aver that they fully and adequately informed Movant of the application of the sentencing guidelines and possible sentences. ECF Nos. 815-6, 815-7. In addition, Movant informed the court under oath at the change of plea proceeding that she had talked with her lawyer about the guidelines and how they might apply to her case. ECF No. 735, 7. She attested that her attorney had explained the charge against her, the possible punishment she faced, and her constitutional rights, and that she understood these things. Id. at 10.

There is no evidence, other than Plaintiff's general assertions in her § 2255 motion and her response to Respondent's motion for summary judgment, that counsel's performance was deficient with respect to informing Movant of her potential sentence. Even assuming, for purposes of summary judgment, that counsel failed to adequately inform Movant regarding the penalties she faced, Movant cannot establish prejudice. This is because any inadequacies in discussions with counsel were cured by the court during the change of plea colloquy. See United States v. Lambey, 974 F.2d 1389 (4th cir. 1992)("Yet if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely

on the subsequent dialogue between the court and defendant."). The transcript of the change of plea hearing provides as follows:

> Q. All right. Under the Sentencing Reform Act of 1984 the United States Sentencing Commission issued guidelines. The guidelines are advisory and judges take these guidelines into consideration when they impose a sentence. . . . Do you understand that your lawyer can only give you an estimate of what your guideline range may be, and any sentence I impose may be different from any estimate that your lawyer may have given you?
>
> A. Yes, ma'am.
>
> Q. Do you also understand that the court will not be able to determine the guideline sentence in your case until after the probation office has prepared a presentence investigation report and you and the government have had an opportunity to review that report and file objections to that report. Do you understand that?
>
> A. Yes, ma'am.
>
> . . . .
>
> Q. The possible penalty that you face as a result of this charge, in a case involving five kilograms or more of cocaine, or 50 grams or more of cocaine base and two or more prior felony drug convictions, there is a mandatory term of life imprisonment with no probation, no parole, a fine of $8 million, plus a special assessment fee of $100.
>
> In a case involving five kilograms or more of cocaine and 50 grams or more of cocaine base and one prior felony drug conviction, is a minimum term of imprisonment of 20 years and a maximum term of life imprisonment. There is no probation, no parole, a fine of $8 million, and a term of supervised release of at least 10 years, in addition to any terms of imprisonment, plus a special assessment fee of $100.
>
> . . . .
>
> Do you . . . understand the possible punishment that you face?
>
> A. Yes, ma'am.

ECF No. 735, 7-13.

Respondent's motion for summary judgment is granted as to these issues.

C. <u>Failing to have the Movant examined for possible issues of mental competency and ability to stand trial</u>

The conviction of a defendant when she is legally incompetent is a violation of due process. <u>Drope v. Missouri</u>, 420 U.S. 162, 171–72 (1975). The test for mental competence is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." <u>United States v. Johnson</u>, 490 F. App'x 566, 567 (4th Cir. 2012) (citing <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960)).

At the change of plea proceeding, counsel informed the court that he had no doubt as to Movant's competency to plead guilty. ECF No. 735, 4. Movant stated under oath that she had never been treated for abuse of alcohol, drugs, or for mental illness; that she had not taken any medication, drugs, or alcohol in the previous twenty-four hours; that she was not under the influence of any medication, drugs, or alcohol; and that she was aware of no physical, emotional, or nervous problem that would keep her from understanding what she was doing at the change of plea proceeding. <u>Id.</u> at 5.

Movant has provided no evidence of irrational behavior, a demeanor that raised questions regarding her competence, medical opinions addressing her competence, or any other evidence that would tend to put counsel on notice that Movant failed to comprehend the nature of the proceedings against her or was unable to assist in her own defense. <u>See</u> <u>United States v. Hebron</u>, 442 F. App'x 887 (4th Cir. 2011) (discussing reasonable cause that would require court to order a competency hearing). There is no foundation in the record to support a finding of ineffectiveness of counsel.

Respondent's motion for summary judgment is granted as to this issue.

D.  Allowing the negotiation of a waiver of the Movant's right to file a direct appeal and/or seek other post trial relief

A defendant may waive her appellate rights pursuant to a plea agreement. United States v. Tillman, 482 F. App'x 773, 774 (4th Cir. 2012) (citing United States v. Manigan, 592 F.3d 621, 627 (4th Cir.2010)). A waiver will preclude an appeal of a specific issue if the waiver is valid and the issue being appealed is within the scope of the waiver. Id. (quoting United States v. Blick, 408 F.3d 162, 168 (4th Cir.2005)). An appellate waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal. Id. (quoting Manigan, 592 F.3d at 627).

In this case, the Assistant United States Attorney informed the court that Movant was facing a statutory mandatory life sentence and that the government decided to make Movant an offer that would allow her to receive less than life without providing substantial assistance. In exchange, the government asked that Movant waive both her direct appeal rights and other post-conviction action, including any proceedings under 28 U.S.C. § 2255.[1] Movant's counsel agreed that the waiver was in Movant's best interest. Movant also informed the court that she agreed that the waiver was in her best interest. See ECF No. 735, 19.

The court finds that counsel's performance was reasonable under prevailing professional norms. Respondent's motion for summary judgment is granted as to this issue.

---

[1] The waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. See ECF No. 474, ¶ 17.

E.  <u>Failing to be present at all times during her proffer statements to law enforcement agents; failing to adequately advise her of the consequences of failing a polygraph examination prior to her formal examination; failing to advise the Movant that she had the right to conduct her own polygraph examination prior to her formal examination</u>

The affidavits of Messrs. Pride and Bernstein set forth that they were at all times present with Movant during her proffer debriefings with government agents and that they fully advised Movant as to the consequences of breaching the proffer agreements by failing a polygraph. Further, the proffer agreements entered into by Movant specifically provided that Movant:

> agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of all unlawful activities, to include, but not limited to, truthful and complete debriefings with no misstatements or material omissions of fact of [Movant's] knowledge concerning all unlawful activities. . . . [Movant] agrees to submit to polygraph examination(s) by any qualified polygraph examiner should [Movant] be requested to do so. **Failure to pass to the satisfaction of the Government any polygraph examination administered pursuant to this Agreement constitutes a breach of the Agreement, and the Government may use for any purpose any statements made and other information provided by [Movant] in the prosecution of [Movant] on any charges.**

ECF No. 815-4, 815-8.

As to Movant's contention that she was not advised of the right to conduct her own polygraph examination, Mr. Pride attests that he had Movant subjected to an independent polygraph examination, which she failed. Mr. Pride avers that he reviewed and confronted Movant with the results of her polygraph examinations.

The record discloses no evidence of deficient performance. Respondent's motion for summary judgment is granted as to this issue.

F.  <u>Failing to advise her that she had the right to cross-examine the witnesses against her that were referenced in her pre-sentencing hearing report</u>

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." However, the Confrontation Clause does not apply at sentencing proceedings. United States v. Padron-Yanez, 433 F. App'x 189, 191 (4th Cir. 2011) (citing United States v. Powell, 650 F.3d 388, 390-91 (4th Cir. 2011)).

Thus, counsel's performance was not deficient. Respondent's motion for summary judgment is granted as to this issue.

## CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 816) is **granted**. Movant's § 2255 motion is **denied and dismissed**, with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
February 5, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**