IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:08-946 |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Ann Marie Butler, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On January 4, 2010, Defendant Ann Marie Butler pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1). Under 21 U.S.C. § 841(b)(1)(A) as then in effect, Defendant was subject to a mandatory term of life imprisonment for both the cocaine and cocaine base offenses based upon an Information filed pursuant to 21 U.S.C. § 851 seeking an enhanced sentence based on two prior felony drug offenses.

A presentence report was prepared that attributed to Defendant 68,684 grams of cocaine, 1,512 grams of cocaine base, and 12.5 grams of MDMA, for a marijuana equivalent of 43,983.05 kilograms. Defendant's criminal history included two drug offenses that not only were considered prior felony drug offenses for purposes of 21 U.S.C. § 841(b)(1)(A), but also qualified as predicate convictions for career offender purposes pursuant to U.S.S.G. § 4B1.1. Defendant's criminal history points equaled 6, to establish a criminal history category of III. However, because Defendant was deemed to be a career offender, her criminal history category became VI. Defendant's base offense level was 36. She received a two-point increase for obstruction, for a total adjusted offense level of 38. Defendant's Sentencing Guidelines range was 360 months to life.

Pursuant to the plea agreement, the government withdrew one prior felony drug offense at sentencing, which reduced Defendant's mandatory statutory sentence from life in prison to 240

months to life in prison. On July 22, 2010, Defendant was sentenced under the guidelines to 360 months as to Count 1, to be followed by a term of supervised release for 10 years. Judgment was entered on July 23, 2010. Defendant's current projected release date from the Bureau of Prisons is September 3, 2036.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with one prior "serious drug felony" is subject to a sentence of 10 years to life in prison, to be followed by a term of supervised release of not less than 8 years.[1]

On January 15, 2020, Defendant, through counsel, filed a motion to reduce sentence pursuant to the First Step Act. Defendant asserts that the current penalty set forth in 21 U.S.C. § 841(b)(1)(B) applies. In response, the government argues that the changes to § 841(b) made retroactive by the First Step Act do not change Defendant's statutory range or her guidelines range because Defendant admitted to being involved in a conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, which portion of the sentence for Count 1 is not affected by the First Step Act.

A sentence reduction report prepared by the United States Probation Office provides that, utilizing the current calculations pursuant to Amendment 750, Defendant's drug amounts yield a

---

[1] One of the predicate offenses at the time of sentencing does not qualify as a "serious drug felony" under current law. This change does not benefit Defendant, however. See United States v. Brunson, No. 18-4696, 2020 WL 4374972 (4th Cir. July 31, 2020) (changes made under § 401 of the First Step cannot be applied retroactively).

2

marijuana equivalent of 19,142.402 kilograms. Defendant's career offender total offense level is 37 and her criminal history category is VI, for an unchanged guidelines range of 360 months to life imprisonment.

## DISCUSSION

A.     Statutory Mandatory Minimum Sentence

As an initial matter, the court must determine whether the statutory mandatory minimum sentence of 240 months to life for cocaine found in § 841(b)(1)(A) overrides the lower statutory mandatory minimum sentence of 10 years to life found in § 841(b)(1)(B). See United States v. Gravatt, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

In this case, the plea agreement, presentence report, sentencing transcript, and statement of reasons do not distinguish between the powder cocaine or the cocaine base as the ground for determining the statutory penalty under § 841(a)(1)(A). Thus, the record creates an ambiguity as to whether Defendant's statutory sentence was driven by the cocaine or cocaine base portions, or both, of the conspiracy charge. Where there is ambiguity as to which penalty applies to a defendant, the rule of lenity requires the court to impose the less strict of the two penalties. See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute"); see also United States v. Rodriquez, 553 U.S. 377, 405–06 (2008) (Souter, J., dissenting) ("The rule [of lenity] is grounded in 'the instinctive distaste against

men languishing in prison unless the lawmaker has clearly said they should,' and . . . means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess. . . ." )(citation omitted)).

Other district courts in the Fourth Circuit have recognized that the rule of lenity applies in First Step Act motions when there is ambiguity as to what was the underlying basis for the sentence imposed, and granted relief based on the penalty from the cocaine base charge of a multi-object conspiracy. See United States v. Jones, Criminal No. JKB-96-00399, 2020 WL 886694, at *2 (D. Md. Feb. 24, 2020) (applying the rule of lenity as to a conviction for conspiracy to distribute cocaine base and heroin, and assuming that the defendant was convicted only of conspiracy to distribute crack cocaine); United States v. Carrie, Cr. No. 3:09-930-04 (CMC), 2019 WL 3493832, at *3 (D.S.C. Aug. 1, 2019) (applying the rule of lenity to conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and finding that, had the Fair Sentencing Act been in effect at the time of sentencing, the defendant would have admitted guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base); United States v. Barber, Cr. No. 0:09-207-04 (CMC), 2019 WL 2526443, at *2 (D.S.C. June 19, 2019) (same). The court finds these decisions to be persuasive. Therefore, the court applies the rule of lenity and finds that Defendant's original sentence was based upon the statutory mandatory minimum sentence for the cocaine base portion of Count 1.

B.     Sentencing Guidelines Calculations

As noted above, the guidelines sentence remains at 360 months to life because of Defendant's

career offender status.[2] In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. In United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases. The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

Defendant has submitted a Summary Reentry Plan - Progress Report that indicates Defendant completed her GED and has taken numerous education courses, including drug education courses, while incarcerated. Defendant has completed four of the six core areas in the Release Preparation Program, which focuses on heath and nutrition; employment; personal finance; community resources; release procedures; and personal growth and development. Defendant has one institutional infraction on September 17, 2019, for being in an authorized area, that being a shower area before it opened. Defendant has been encouraged to obtain photo identification, a social security card, and a birth certificate prior to her release, but has not yet done so. ECF No. 956-1.

## CONCLUSION

Absent the career offender enhancement, Defendant's Guidelines total offense level would be 36, based upon a base offense level of 34 plus a 2-level increase for obstruction of justice. Her criminal history category would be III, which yields a Sentencing Guidelines range of 235 to 293 months. Considering the § 3553(a) factors, to the extent they are applicable, especially the history and characteristics of Defendant, the need for the sentence to reflect the seriousness of the offense

---

[1] The offense that no longer counts as a "serious drug felony" for purposes of the statutory sentence remains countable as a "controlled substance offense" under U.S.S.G. § 4B1.1.

and provide just punishment for the offense, the need to provide Defendant with additional educational training, and the need to avoid unwarranted sentence disparities, the court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 235 months, to be followed by a term of supervised release for 8 years.  All other provisions of the judgment entered July 23, 2010, remain in effect.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 19, 2020.